UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cr-00067-SEB-DKL |
| | ) | |
| WADE HAVVARD, | ) | -05 |
| | ) | |
| Defendant. | ) | |

## ORDER ON DEFENDANT'S MOTION TO WITHDRAW MOTION TO SUPPRESS

This cause is before the Court on Defendant Wade Havvard's Petition to Withdraw Defendant's Motion to Suppress [Docket No. 263], filed on February 11, 2015. Subject to the conditions described below, we GRANT Defendant's motion.

Defendant Wade Havvard, who had previously been represented by appointed counsel, recently petitioned the Court to be allowed to proceed *pro se.* During a hearing on February 4, 2015, Magistrate Judge Baker conducted a colloquy with Defendant and granted his motion to waive counsel, finding that Defendant's decision was knowing and voluntary. Docket No. 260. Shortly thereafter, Defendant moved to withdraw the pending motion to suppress [Docket No. 179] that his attorney had filed on his behalf on November 21, 2014. In moving to withdraw the suppression motion, Defendant represented to the Court that the motion was "insufficient," because it did not "encompass all of petitioner[']s issues." Docket No. 263 at ¶ 3. He therefore requested that the Court grant him 45 additional days in which to file a new motion that fully encompassed his concerns. Docket No. 263, Ex. 1.

In response to Defendant's motion, the Government has raised two issues. First, it questions the status of Defendant's legal representation, implicitly challenging the validity of

1

Defendant's *pro se* petition to withdraw a motion submitted by counsel. Docket No. 267 at ¶¶ 9, 13. Second, it protests that Defendant's request for 45 additional days in which to file a new motion amounts to a request to continue the trial date, since the Government's response deadline to such a new motion would not fall until after the trial's current scheduled start date of April 13, 2015. *Id.* at ¶ 11. While the Government's concerns are legitimate, neither presents an absolute obstacle to the relief Defendant requests.

Criminal Defendants are entitled to represent themselves without the benefit of counsel if they so choose. *Faretta v. California,* 422 U.S. 806, 835 (1975). As the Government correctly notes, however, the Court bears an affirmative responsibility to ensure that a defendant's waiver of counsel is made knowingly and voluntarily. *United States v. James,* 487 F.3d 518, 527 (7th Cir. 2007). Although the District Court may revisit the issue of waiver after a Magistrate Judge has made an initial finding—and may be *required* to do so if there has been an intervening "substantial change in circumstances," *United States v. Fazzini,* 871 F.2d 635, 643 (7th Cir. 1989)—a Magistrate Judge is authorized to consider, and rule on, a defendant's petition to proceed *pro se. See United States v. Clark,* 774 F.3d 1108, 1112–1113 (7th Cir. 2014). Here, Magistrate Judge Baker conducted the required "*Faretta* colloquy," inquiring thoroughly into the circumstances surrounding the Defendant's decision. *See Faretta,* 422 U.S. at 835.[1] The Magistrate probed the Defendant's level of education, his understanding of the charges against him and the range of potential sentences he faces, and his cognizance of the Federal Rules of Evidence and Civil Procedure. He also warned the Defendant, explicitly and repeatedly, of the risks of waiving counsel, and he advised him that, in his opinion, waiver was likely a mistake. *Cf. United States v. Cooper,* 591 F.3d 582, 587 (7th Cir. 2010). Satisfied that, despite these

---

[1] While a written transcript of this hearing does not appear on the docket, the Court has reviewed the audio recording of the colloquy and is satisfied as to its thoroughness.

warnings, the Defendant had made up his mind knowingly and voluntarily, Magistrate Judge Baker granted his motion to proceed *pro se.*

Subject to the possibility of revisiting the question if circumstances change, we endorse Magistrate Judge Baker's ruling, and we will therefore allow Defendant to withdraw the motion to suppress previously filed by his attorney. We agree with the Government, however, that the 45 day extension requested by Defendant in which to file a new motion is excessive, since it would almost certainly force a continuance of the trial scheduled to start April 13, 2015. We will grant Defendant an additional period in which to file a new motion, but we accordingly limit it to 21 days—with the Government accorded the customary 14 days thereafter in which to file a response. If Defendant comes to feel that this extension is insufficient, he may move to continue his trial date. He should be aware, if he does so, that a decision on a continuance motion is subject to the discretion of the Court, and will not be granted automatically. *Morris v. Slappy,* 461 U.S. 1, 11 (1983); *United States v. Tingle,* 183 F.3d 719, 722 (7th Cir. 1999).

We therefore GRANT Defendant's motion to withdraw his Motion to Suppress, and we grant Defendant 21 days in which to file a replacement motion from the date of this order.

IT IS SO ORDERED.


Date: 2/25/2015


SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF Counsel of Record


By U.S. Mail:

Wade Havvard, #476895
c/o Grayson Detention Center
320 Shaw Station Road
Leitchfield, Kentucky  42754